UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-cv-22741-UU

WENDELL BECKLES,

    Plaintiff,

v.

FEDERAL EXPRESS CORPORATION,

    Defendant.

_____/

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
AND STATEMENT OF AFFIRMATIVE DEFENSES**

Defendant, Federal Express Corporation ("FedEx"), answers the Complaint filed on July 28, 2010 (Doc. No. 1) as follows:

**STATEMENT OF FACTS**

1. FedEx denies any violation of federal law, and therefore denies any allegation serving as a basis for relief.

2. FedEx denies the allegations in Paragraph No. 2 of the Complaint. FedEx more accurately states that FedEx's internal "PRISM" records report Plaintiff's race as "Black."

3. FedEx admits the allegations in Paragraph No. 3 of the Complaint.

4. FedEx denies the allegations in Paragraph No. 4 of the Complaint. FedEx only admits that Plaintiff's original date of hire is December 24, 1984, as a casual courier and he became a permanent full time employee on June 1, 1988, as a Station Operations Manager.

5. FedEx denies the allegations in Paragraph No. 5 of the Complaint. FedEx only admits Plaintiff was promoted to Managing Director on June 1, 1998.

1

6. FedEx denies the allegations in Paragraph No. 6 of the Complaint.

7. FedEx denies the allegations in Paragraph No. 7 of the Complaint.

8. FedEx denies the allegations in Paragraph No. 8 of the Complaint.

9. FedEx denies the allegations in Paragraph No. 9 of the Complaint.

10. FedEx denies the allegations in Paragraph No. 10 of the Complaint.

11. FedEx denies the allegations in Paragraph No. 11 of the Complaint.

12. FedEx denies the allegations in Paragraph No. 12 of the Complaint.

13. FedEx denies the allegations in Paragraph No. 13 of the Complaint.  FedEx only admits that Reginald Owens held the position of VP/GM AGFS South, and Michael K. Pigors held the position of Sr. VP AGFS in 2009.

14. FedEx denies the allegations in Paragraph No. 14 of the Complaint and notes that the allegations contained in this Paragraph are currently the subject of Defendant's pending Motion to Strike.

15. FedEx denies the allegations in Paragraph No. 15 of the Complaint and notes that the allegations contained in this Paragraph are currently the subject of Defendant's pending Motion to Strike.

16. FedEx denies the allegations in Paragraph No. 16 of the Complaint.  FedEx only admits that Pigors was promoted to Sr. VP AGFS on September 1, 2006.

17. FedEx denies the allegations in Paragraph No. 17 of the Complaint.  FedEx only admits that Owens was promoted to VP/GM AGFS South on February 1, 2007.

18. FedEx denies the allegations in Paragraph No. 18 of the Complaint.

19. FedEx denies the allegations in Paragraph No. 19 of the Complaint.

20. FedEx denies the allegations in Paragraph No. 20 of the Complaint.

21. FedEx denies the allegations in Paragraph No. 21 of the Complaint.

22. FedEx denies the allegations in Paragraph No. 22 of the Complaint.

23. FedEx denies the allegations in Paragraph No. 23 of the Complaint.

24. FedEx denies the allegations in Paragraph No. 24 of the Complaint.  FedEx more accurately states that Plaintiff was issued a Memorandum of Suspension by Owens on February 4, 2009.

25. FedEx denies the allegations in Paragraph No. 25 of the Complaint.

26. FedEx denies the allegations in Paragraph No. 26 of the Complaint.

27. FedEx denies the allegations in Paragraph No. 27 of the Complaint.

28. FedEx denies the allegations in Paragraph No. 28 of the Complaint.

29. FedEx denies the allegations in Paragraph No. 29 of the Complaint.

30. FedEx denies the allegations in Paragraph No. 30 of the Complaint.

31. FedEx denies the allegations in Paragraph No. 31 of the Complaint.

32. FedEx denies the allegations in Paragraph No. 32 of the Complaint.

33. FedEx denies the allegations in Paragraph No. 33 of the Complaint.

34. FedEx denies the allegations in Paragraph No. 34 of the Complaint.

35. FedEx denies the allegations in Paragraph No. 35 of the Complaint.

36. FedEx denies the allegations in Paragraph No. 36 of the Complaint.  FedEx more accurately states that Plaintiff's base monthly salary at the time of his termination was $14,382.00.

37. FedEx denies the allegations in Paragraph No. 37 of the Complaint.

## DISCRIMINATION

## VIOLATIONS OF TITLE VII OF 1964

38. FedEx incorporates its denials and responses as asserted in Paragraphs 1 through 37, above, as though fully set forth herein.

39. FedEx denies the allegations in Paragraph No. 39 of the Complaint.

40. FedEx denies the allegations in Paragraph No. 40 of the Complaint.

41. FedEx denies the allegations in Paragraph No. 41 of the Complaint.

## VIOLATIONS OF SECTION 1981

42. FedEx incorporates its denials and responses as asserted in Paragraphs 1 through 41, above, as though fully set forth herein.

43. FedEx denies the allegations in Paragraph No. 43 of the Complaint.

44. FedEx denies the allegations in Paragraph No. 44 of the Complaint.

45. FedEx denies the allegations in Paragraph No. 45 of the Complaint.

## JURISDICTION AND VENUE

46. FedEx admits this Court has jurisdiction for timely filed federal civil rights claims.

47. FedEx admits venue is proper.

48. FedEx denies the allegations in Paragraph No. 48 of the Complaint.

49. FedEx denies the allegations in Paragraph No. 49 of the Complaint.

50. FedEx denies the allegations in Paragraph No. 50 of the Complaint. FedEx more accurately state that the U.S. Equal Employment Opportunity Commission issued on request, a Notice of Right to Sue dated May 7, 2010.

## CHARGE OF DISCRIMINATION

51. FedEx denies the allegations in Paragraph No. 51 of the Complaint. FedEx only admits Plaintiff's charge of discrimination is dated July 30, 2009.

## PARTIES

52. FedEx only admits that Plaintiff's last known address is in Miramar, Florida.

53. FedEx admits the allegations of Paragraph No. 53 of the Complaint.

## CLAIMS FOR RELIEF

54. FedEx denies the allegations in Paragraph No. 54 of the Complaint.

## DAMAGES

55. FedEx denies the allegations in Paragraph No. 55 of the Complaint.

56. FedEx denies the allegations in Paragraph No. 56 of the Complaint.

57. FedEx denies the allegations in Paragraph No. 57 of the Complaint.

58. All other allegations contained in the Complaint which are not specifically admitted or denied herein are hereby generally denied.

FedEx denies any entitlement to any relief requested in the unnumbered "WHEREFORE, PREMISES CONSIDERED" Paragraph, and subparts (a) through (f) under Damages and further denies that Plaintiff is entitled to recover any relief sought in his Complaint or to any other relief whatsoever from FedEx.

## DEMAND FOR JURY TRIAL

FedEx admits Plaintiff demands a trial by jury on all issues triable as a matter of right.

## DEFENDANT'S AFFIRMATIVE DEFENSES

FedEx asserts the following affirmative defenses:

1.      The Complaint, and each claim set forth therein, is barred because at all times relevant FedEx acted reasonably, in good faith and without malice based upon all relevant facts and circumstances known by FedEx at the time it acted.

2.      The Complaint, and each claim set forth therein, is barred, in whole or in part, by the applicable statutes of limitations.

3.      To the extent Plaintiff executed an Employment Agreement requiring that he bring any action against FedEx within six months of the alleged violation, his claims are subject to such contractual statute of limitations.

4.      FedEx alleges provisionally and conditionally that if Plaintiff suffered any damages, such damages were proximately or legally caused by the misconduct, neglect, and fault of Plaintiff and/or parties other than FedEx.

5.      FedEx alleges that Plaintiff is not entitled to recover any punitive damages because: (1) Plaintiff failed to plead facts sufficient to support the recovery of punitive damages; and (2) FedEx committed no act justifying an award of punitive damages.

6.      Without admitting any of the allegations contained in the Complaint, FedEx avers that to the extent the Complaint seeks punitive damages, it violates FedEx's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Florida; it violates FedEx's right to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and pertinent provisions of the Constitution of the State of Florida; and it violates FedEx's right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Florida; and therefore, fails to state a cause of action supporting punitive damages.

7.      FedEx avers that Plaintiff's claims for emotional injury, if any, do not state a cause of action to the extent that they are barred by the exclusive remedy provision of the Florida Workers' Compensation laws.

8. FedEx alleges that the Complaint and each cause of action set forth therein are barred because all conduct toward Plaintiff was undertaken by reason of business necessity and/or for lawful business reasons.

9. FedEx avers that Plaintiff's race and/or any other protected characteristics was not a significant, substantial, or determinative factor in any decision made concerning Plaintiff's employment.

10. Without admitting any of the allegations contained in the Complaint, FedEx avers that even if a protected characteristic were considered in any of its acts or decisions regarding Plaintiff, it would have made the same decisions and/or taken the same actions but for the consideration of the protected characteristic.

11. Without admitting any of the allegations contained in the Complaint, FedEx avers that even if a protected characteristic were considered in any of its acts or decisions regarding Plaintiff, it would have made the same decisions and/or taken the same actions but for the consideration of the protected characteristic.

12. Some or all of the claims are barred by the failure to exhaust administrative remedies in a timely manner.

13. Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by FedEx, or to avoid harm otherwise.

14. In the event that any of the allegations of unlawful conduct contained in the Complaint are found to have merit, FedEx affirm that they took prompt and effective action to remedy any such acts and therefore have no liability for them.

15. FedEx contends Plaintiff's claims are barred by the doctrine of laches. Specifically, to the extent harm was suffered FedEx was not promptly notified of the harm.

16. FedEx alleges that Plaintiff failed to exercise reasonable care to mitigate the damages, if any, caused by any conduct of FedEx.

17. FedEx alleges that some or all of the damages, if any, may be barred by the after-acquired evidence doctrine.

18. Upon Plaintiff's allegations of discrimination and/or harassment, FedEx took prompt and appropriate corrective action and exercised reasonable care to prevent and promptly correct any allegedly discriminatory behavior against Plaintiff.

19. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

20. FedEx cannot be held liable for the actions of its employees which is neither authorized nor ratified.

21. FedEx avers that if any of the allegations of unlawful conduct contained in the Complaint are found to have merit, their actions were neither the cause nor the proximate cause of Plaintiff's alleged injuries.

22. To the extent that Plaintiff engaged in misconduct, fraud, or other conduct prior to, during or in connection with his employment that otherwise would have resulted in his separation if such conduct were then known to FedEx, any remedy otherwise available to Plaintiff in this action is limited by the after-acquired evidence doctrine.

23. FedEx reserves the right to assert further affirmative defenses as they become apparent through investigation and discovery.

WHEREFORE, having fully answered, FedEx prays that this Court enter judgment in its favor, and award its costs, including reasonable attorney fees, and other relief as may be just and proper.

Respectfully submitted,

Frederick L. Douglas, Lead Counsel
Federal Express Corporation
3620 Hacks Cross Rd., Bldg B., 3rd Fl.
Memphis, TN  38125
Tel:  901/434-8512
Fax: 901/434-9271
E-Mail:  frederick.douglas@fedex.com
(*Pro Hac documents pending*)

M. Kimberly Hodges, Sr. Attorney
Federal Express Corporation
3620 Hacks Cross Rd., Bldg B., 3rd Fl.
Memphis, TN  38125
Tel:  901/434-8512
Fax: 901/434-9271
(*Pro Hac documents to be filed*)


*s/Patrick F. Martin*
Patrick F. Martin, Esq.
Littler Mendelson, P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 1500
Miami, FL  33131
Tel:  305-400-7500
Fax: 305-603-2552
E-Mail:  pfmartin@littler.com

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 15th day of September, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                        *s/Patrick F. Martin*
                                        Patrick F. Martin, Esq.

## SERVICE LIST

*WENDELL BECKLES v. FEDERAL EXPRESS CORPORATION*
**CASE NO. 1:10-cv-22741-UU**


John De Leon, Esq.
Chavez & De Leon, P.A.
Suite 605
5975 Sunset Drive
South Miami, FL 33143
Tel:  305-740-5347
Fax: 305-740-5348
E-Mail: jlleon7@aol.com

*Counsel for Plaintiff*


Frederick L. Douglas, Esq.
Federal Express Corporation
Building B., Third Floor
3620 Hacks Cross Road
Memphis, TN  38125
Tel:  901/434-8512
Fax: 901/434-9271
E-Mail:  frederick.douglas@fedex.com

and

Patrick F. Martin, Esq.
Littler Mendelson, P.C.
One Biscayne Tower, Suite 1500
Two South Biscayne Blvd.
Miami, FL  33131
Tel:  305-400-7500
Fax: 305-603-2552
E-Mail:  pfmartin@littler.com

*Counsel for Defendant*


Firmwide:97409394.2 056148.1007